UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE UNITED TEAMSTERS FUND,
THE TRUSTEES OF THE UNITED TEAMSTER
PENSION FUND "C," and THE TRUSTEES OF THE
UNITED TEAMSTER LEGAL FUND,

                           Plaintiffs,

      -against-

GIDRON OLDSMOBILE AND CADILLAC L.L.C.,
and RICHARD GIDRON,

                          Defendants.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

05 Civ. 2728 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Trustees brought this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA") and the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152 *et seq*., seeking to collect delinquent contributions to trust funds owed by defendants under the terms of a collective bargaining agreement. On May 20, 2005, Your Honor entered a default judgment against defendants and referred this matter to the undersigned to report and recommend the amount of damages to be awarded plaintiff, plus reasonable costs and attorneys' fees. Plaintiff, in response to my direction, filed a timely written inquest submission; defendants failed to respond. For the reasons that follow, I respectfully recommend that Your Honor award plaintiff damages against defendants, jointly and severally, in the amount of $63,885.12.

## I. DEFAULT JUDGMENT

Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematic computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). As to the calculation of damages, plaintiff is entitled to all reasonable inferences from the evidence it offers. See Au Bon Pain, 653 F.2d at 65 (internal citation omitted).

## II. FACTUAL ALLEGATIONS ACCEPTED AS TRUE

The International Brotherhood of Teamsters affiliate, Local 239, and defendant Gidron Oldsmobile and Cadillac L.L.C.[1] ("Employer") are parties to a collective bargaining agreement ("Agreement") which governs, *inter alia*, the terms and conditions of employment as to defendants' employees.[2] Pursuant to Article XXXIV of the Agreement, Employer is obligated to make monthly contributions on behalf of its covered employees to the United Teamsters Fund (successor in interest to the Local 806, Teamsters Health and Welfare Fund) ("Welfare Fund"). By the terms of Article

---

[1] Defendant Richard Gidron was, at all relevant times, the corporate principal for defendant Gidron Oldsmobile and Cadillac.

[2] The original Agreement was in effect from October 1, 2001 until September 30, 2004. On or about October 8, 2004, Local 239 and Gidron Oldsmobile and Cadillac entered into a Memorandum of Agreement which extended the terms of the Agreement through September 30, 2007.

2

XXXVI of the Agreement, Employer is obligated to make monthly contributions on behalf of its covered employees to the United Teamsters Pension Fund "C" (successor in interest to the Local 806 Pension Fund) ("Pension Fund"). Under Article XXXVIII of the agreement, Employer is obligated to make monthly contributions on behalf of its covered employees to the Legal Service Fund ("Legal Fund"). Defendants' last monthly payment to the above Funds was for the month of October, 2004.

**III. STATUTORY FRAMEWORK**

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." Section 1132 describes the penalties available for violations of § 1145:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132.

3

## IV. DAMAGES SOUGHT

As part of the Default Judgment, Your Honor ordered defendant Gidron Oldsmobile and Cadillac to submit to an audit of its corporate books and records no later than June 24, 2005. Plaintiff subsequently attempted to arrange a time for the audit; defendants failed to respond. Nonetheless, in support of their request for damages, plaintiffs submitted (1) a copy of the Agreement and (2) copies of defendants' contribution reports from Gidron's last payment in October, 2004.

### A. Delinquent Contributions

Plaintiffs allege that defendants owe $53,144.00 in delinquent contributions for November 2004 through May 2005.[3] In support of their claim, plaintiffs proffer copies of invoices and checks submitted by the defendants covering contributions to the Welfare Fund, the Pension Fund, and the Legal Fund for the month of October 2004. The invoices and checks reflect per month/per employee contributions of $500.00 for the Welfare Fund, $75.00 for the Pension Fund, and $9.00 for the Legal Fund. These amounts are consistent with the Agreement, as amended. Further, the October 2004 invoices and checks reflect payments for thirteen (13) covered employees; plaintiffs assert that the number of covered employees remained at thirteen through May 2005.[4] Plaintiffs, therefore, calculate the amount of delinquent contributions owed as follows:

---

[3] Pursuant to the Default Judgment, plaintiffs are entitled to damages from November 2004 through May 20, 2005. Under the Agreement, payments to the Funds were due no later than the 10th of each month. Accordingly, plaintiffs are entitled to the full contribution amounts for the entire month of May 2005.

[4] The invoices list fifteen employees, but are annotated to reflect that two employees were no longer employed as of May 2004 and August 2004, respectively.

| | | |
|---|---|---|
| Health/Welfare | ($500/mo) x (13 employees) x (7 months) = | $45,500.00 |
| Pension | ($75/mo) x (13 employees) x (7 months) = | $ 6,825.00 |
| Legal | ($9/mo) x (13 employees) x (7 months) = | $    819.00 |
| | TOTAL = | $53,144.00 |

Considering the evidence presented, and absent evidence to the contrary, plaintiff's calculations are based upon a reasonable extrapolation of the contributions made in October 2004. Accordingly, I conclude, and respectfully recommend, that the Court award plaintiff Trustees $53,144.00 as the principal amount owed to the Funds.

B. Interest

Plaintiffs seek an award of $5,314.40 as interest on the principal amount owed to the Funds. Although plaintiffs are entitled to interest on the principal amount owed, their calculation of said interest is erroneous. ERISA mandates an award of interest on the unpaid contributions, calculated pursuant to the interest rate provided in the Agreement. See 29 U.S.C. § 1132(g)(2)(B),(E). Here, the Agreement specifies that interest on delinquent contributions will be calculated at a rate of ten percent (10%) per annum.[5] Further, "[p]rejudgment interest will accrue from the due date of each respective installment." Perishable Food Indus. Pension Fund v. American Banana Co., Inc., No. 01 Civ. 1922, 2003 WL 21542316, at *4 (S.D.N.Y. July 1, 2003). Therefore, the interest on the delinquent principal amount–through May 20, 2005–is calculated as follows:

---

[5] Accordingly, the daily rate is .02740%.

| Due Date | Delinquent Amount | Daily Rate | Days Owed | Interest Due |
| --- | --- | --- | --- | --- |
| 11/10/04 | $584.00 | .02740% | 191 | $30.56 |
| 12/10/04 | $584.00 | .02740% | 161 | $25.76 |
| 1/10/05 | $584.00 | .02740% | 130 | $20.80 |
| 2/10/05 | $584.00 | .02740% | 99 | $15.84 |
| 3/10/05 | $584.00 | .02740% | 71 | $11.36 |
| 4/10/05 | $584.00 | .02740% | 40 | $6.40 |
| 5/10/05 | $584.00 | .02740% | 10 | $1.60 |

TOTAL INTEREST DUE = $112.32

Accordingly, I conclude, and respectfully recommend, that plaintiff Trustees are entitled to an award of interest through May 20, 2005 in the amount of $112.32.

D. Liquidated Damages

Plaintiffs seek an award of $10,628.20[6] as liquidated damages. In addition to the interest on the unpaid contributions, ERISA mandates an award of the greater of the interest or liquidated damages not to exceed twenty percent (20%) of the delinquent principal amount. See 29 U.S.C. § 1332(g)(2)(C). Here, the Agreement provides for liquidated damages in the amount of twenty percent (20%) of the total delinquency. Accordingly, I conclude, and respectfully recommend, that plaintiff Trustees are entitled to an award of liquidated damages in the amount of $10,628.80.

E. Legal Fees, Audit Fees, and Other Costs Incurred

Plaintiffs seek an award of $15,000.00 for legal fees, audit fees and other costs

---

[6] The Court assumes a typographical error.

incurred. In conjunction with an award for unpaid contributions, ERISA mandates an award for reasonable attorney's fees and costs. See 28 U.S.C. § 1332(g)(2)(D). The amount of the award, however, rests with the Court's discretion and must be supported by contemporaneous time records. See Mason Tenders Dist. Council v. Aurash Constr. Corp., Nos. 05 Civ. 1891, 04 Civ. 2427, 2006 WL 647884, at *2-3 (S.D.N.Y. Mar. 15, 2006). Here, plaintiffs failed to submit affidavits, contemporaneous time records or any evidence which would allow the Court to evaluate the reasonableness of the amount sought. Accordingly, I conclude, and respectfully recommend, that plaintiff Trustees' request for an award of attorney's fees and costs must be denied.

## V. CONCLUSION

For the foregoing reasons, I respectfully recommend that judgment be entered in favor of plaintiff Trustees and against defendants Gidron Oldsmobile and Cadillac, L.L.C. and Richard Gidron, jointly and severally, in the amount of $63,885.12 representing $53,144.00 in unpaid contributions, $112.32 in interest and $10,628.80 in liquidated damages.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objection tho this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed R. Civ. P. 6(e). Such

objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections shall be made to The Honorable Stephen C. Robinson and not to the undersigned.

Dated: April 25, 2006
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.