UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE UNITED TEAMSTERS FUND, THE TRUSTEES OF THE UNITED TEAMSTER PENSION FUND "C," and THE TRUSTEES OF THE UNITED TEAMSTER LEGAL FUND,

Plaintiffs,

v.

GIDRON OLDSMOBILE AND CADILLAC LLC, and RICHARD GIDRON,

Defendants.

05 Civ. 2728 (SCR)(GAY)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

STEPHEN C. ROBINSON, United States District Judge:

Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947. Plaintiffs alleged that Defendants did not make certain contributions to the Funds as required by the collective bargaining agreement. On May 20, 2005, this Court entered a default judgment against Defendants. We then referred the matter to Magistrate Judge George A. Yanthis for a report and recommendation on the amount of damages to be awarded to Plaintiffs.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)(2000). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a de novo determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-674 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Here, Defendant did not object to Judge Yanthis's recommendation.

Having reviewed the thorough and well-reasoned Report and Recommendation and having found no clear error, we accept and adopt the Report. Plaintiffs submitted sufficient evidence that Defendants owed $53,144.00 in unpaid contributions for November, 2004 through May, 2005. *See* 29 U.S.C. §§ 1145, 1145(2)(A). Plaintiffs are

1

also entitled to recover $1,460.16 in interest. *See* § 1132(g)(2)(B). Finally, Plaintiffs may recover $10,628.80 in liquidated damages. *See* § 1332(g)(2)(C). Plaintiffs, however, are not entitled to recover $15,000.00 in legal fees because they did not submit affidavits, contemporaneous time records, or any other evidence from which this Court could determine whether such legal fees were reasonable.

Accordingly, the Clerk of the Court is directed to enter a judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $65,232.96, representing $53,144.00 in unpaid contributions, $1,460.16 in interest, and $10,628.80 in liquidated damages.

*It is so ordered.*

Dated: White Plains, New York
Aug 3, 2006

Stephen C. Robinson
United States District Judge